UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

SUMNER BROWN, CARLA BROWN, )
HALLIE BROWN b/f/n/f SUMNER BROWN ) Civil Action No. 1:06-cv-63-JM
)
V. )
)
FILTRINE MANUFACTURING CO., INC. and )
ROBERT PIESCIK, PLAN ADMINISTRATOR OF )
FILTRINE MANUFACTURING CO., INC. )

## COMPLAINT

NOW COME the Plaintiffs in the above-captioned matter, by counsel, Boynton, Waldron, Doleac, Woodman & Scott, P.A., and respectfully submit this Complaint, stating in support thereof as follows:

### I. PARTIES AND BACKGROUND

1. Plaintiff Sumner Brown is a resident of Swansey, State of New Hampshire and was an employee of Defendant Filtrine Manufacturing Company, Inc. until on or about July 3, 2003.

2. Plaintiff Carla Brown an Hallie Brown are wife and child of the Plaintiff Sumner Brown and are also residents of Swansey, New Hampshire.

3. Defendant Filtrine Manufacturing Company, Inc. is, upon information and belief, a New Hampshire corporation with a principal place of business located at 15 Kit Street, Keene, New Hampshire.

4. Defendant Robert Piescik is, upon information and belief, a New Hampshire resident who works as the Plan Administrator for Defendant's health care benefits.

## II.  JURISDICTION AND VENUE

5.  Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 federal question jurisdiction.

6.  Venue is properly in this Court pursuant to 28 U.S.C. §1391(b) and (c).

## III.  BACKGROUND

7.  Plaintiff Sumner Brown was an employee of and pursuant to his employment received various benefits for himself and his dependent family members – to include health insurance.

8.  On July 3, 2003, Plaintiff's employment with Defendant ended and pursuant to 29 U.S.C. § 1166(a)(2), Defendants were required to provide notice to Plaintiffs regarding, inter alia, Plaintiffs' entitlement to continuation of health insurance coverage as required by Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

9.  Defendants failed to provide Plaintiffs with the requisite statutory notice for a period of 272 days in violation of COBRA thereby entitling Plaintiffs to commence this action and recover damages including costs and attorneys' fees pursuant to 29 U.S.C. § 1132, et seq.

10.  This action is commenced to recover damages resulting from the aforesaid statutory violations.

## COUNT I
(Violation of COBRA)

11.  Plaintiffs repeat the allegations made in the preceding paragraphs and incorporate the allegations by reference herein and by way of further allegation state as follows:

12. Plaintiff and Plaintiff's dependents were covered under Defendants' health insurance plan.

13. On July 3, 2003, Plaintiff's employment with Defendant ended, thereby triggering a "qualifying event" for notification by Defendants of Plaintiff's ongoing rights pursuant to COBRA.

14. That pursuant to COBRA, Defendants were required by statute to notify Plaintiffs of COBRA rights within 30 days of the qualifying event. Defendants failed to provide such notification within the requisite time period in violation of COBRA.

15. That Defendants violated the provisions of COBRA in that Defendants failed to provide requisite statutory notice to Plaintiffs set forth in COBRA for a period of 272 days.

16. That Plaintiffs are each entitled to statutory damages and penalties as a result of Defendants' violation of COBRA and failure to notify Plaintiffs of their COBRA rights for 272 days in the amounts set forth in 29 U.S.C. § 1132, et seq. and the regulations promulgated thereunder.

17. That Plaintiffs are entitled to damages as set forth in the statute, including, but not limited to, interest, costs and attorneys' fees for said statutory violations.

18. As a direct and proximate result of Defendants' statutory violation, Plaintiffs jointly and severally demand judgment against the Defendants for statutory damages including interest, costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully pray this Honorable Court as follows:

A. Schedule this matter for a trial on the merits;

B.  Enter judgment in favor of the Plaintiffs including statutory damages of $110.00 per day for each plaintiff for 272 days of statutory violations, penalties, reasonable costs and attorneys' fees;

C.  Find that the Plaintiff is entitled to all compensatory and other damages allowed in law and equity, and interest, costs and attorneys' fees allowable under the law with respect to the claims in this case;

D.  All further relief which this Court deems just and proper.

RESPECTFULLY SUBMITTED:

SUMNER BROWN, CARLA BROWN,
HALLIE BROWN b/f/n/f SUMNER BROWN
By their attorneys:

BOYNTON, WALDRON, DOLEAC,
WOODMAN & SCOTT, P.A.

Dated: February 14, 2006        By:_____/s/ Francis X. Quinn, Jr._____
                                Francis X. Quinn, Jr., Bar #4848
                                82 Court Street, PO Box 418
                                Portsmouth, NH 03802-0418
                                (603) 436-4010